**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10331 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00131-RCC-BGM-2 |
| v. | |
| FERNANDO ROMERO-SALGADO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted October 23, 2019
San Francisco, California

Before: WALLACE and BRESS, Circuit Judges, and ENGLAND,** District
Judge.

Defendant Fernando Romero-Salgado ("Defendant") appeals following his

conviction by a jury for one count of smuggling goods from the United States in

violation of 18 U.S.C. § 554(a) and one count of possession of ammunition by a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant was arrested after he traveled to Phoenix, purchased 7,000 rounds of ammunition, transported those rounds and another 5,000 rounds to a home near the Mexico border, and admitted to agents that his accomplice was planning to take the ammunition into Mexico while Defendant acted as a "spotter" at the port of entry. According to Defendant, his conviction and sentence are fatally flawed because the district court: (1) erroneously instructed the jury on the elements of the charges against him; (2) denied Defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29; (3) allowed the Government to make impermissible assertions in opening statements and closing arguments undermining the ability of the jury to fairly consider the case; (4) imposed a sentence that is both procedurally and substantively unreasonable; and (5) made clerical errors in the Judgment and Statement of Reasons. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

1.      Whether a "jury instruction misstated an element of the statutory crime" is reviewed *de novo*. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1191 (9th Cir. 2000). A "district court's failure to instruct the jury on the intent element of the offense was harmless error if we conclude that it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Id.* at 1197 (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

2                                                                              18-10331

Errors raised for the first time on appeal are reviewed for plain error. *United States v. Keys*, 133 F.3d 1282, 1286 (9th Cir. 1998). Such errors may be corrected "only if (1) an error occurred, (2) the error is plain on appeal, and (3) it affects substantial rights." *Id.* "If these conditions are satisfied, we have the discretionary authority to 'notice' a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

Any error in omitting an instruction that Defendant must have known the exportation of ammunition was unlawful under the laws of the United States was not plain and was harmless in any event. There is no binding authority indicating that the jury should have been charged specifically with finding Defendant had knowledge that smuggling the ammunition was contrary to the laws of the United States. The answer to the question is thus not "clear" or "obvious." *See United States v. Olano*, 507 U.S. 725, 734 (1993). Moreover, even if any error was plain, Defendant's substantial rights were not affected because the evidence indicating he knew smuggling the ammunition violated the laws of the United States was overwhelming.

18-10331

Similarly, any error in declining to instruct the jury as to "attempt" or to give a specific unanimity instruction was also harmless given the ample evidence that Defendant took substantial steps toward the unlawful exportation of ammunition, namely, that he actually purchased, concealed, and transported the ammunition to an area near the border, intending for it to be exported into Mexico while he served as a "spotter." Finally, failing to instruct the jury that a conviction under 18 U.S.C. § 922(g)(1) requires proof that Defendant knew he was a felon was also harmless since the record makes clear Defendant was aware of his felon status.

2. The district court permissibly denied Defendant's motion for judgment of acquittal, by which Defendant argued that there was insufficient evidence to support an attempt conviction. This Court "review[s] *de novo* whether sufficient evidence exists to support a guilty verdict." *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow *any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). As indicated above, the evidence of

Defendant's guilt, including the substantial steps he took in furtherance of the crime, was overwhelming and more than sufficient to sustain a conviction.

3. "[T]he standard of review for [prosecutorial] comments [to] which defendant failed to interpose an objection is 'plain error.'" *United States v. Endicott*, 803 F.2d 506, 513 (9th Cir. 1986). Considered in the context of the entire trial, permitting the prosecutor to make the statements challenged in this case was not error, let alone plain error. In context, none of the Government's statements would have affected the jury's ability to be impartial, and the district court did not err in allowing the Government's comments.

4. The district court did not rely on clearly erroneous facts when imposing Defendant's sentence, and the court's denial of a minor role adjustment, even without extensive discussion, was proper. *United States v. Diaz*, 884 F.3d 911, 914–16 (9th Cir. 2018). Defendant's within-Guidelines sentence was also "sufficient, but not greater than necessary," under 18 U.S.C. § 3553(a). This remains true even though the co-defendant received a lesser sentence because the two parties were not similarly situated.

5. The parties agree that a limited remand is appropriate for the district court to correct certain clerical errors in the Judgment and Statement of Reasons. Defendant's possession conviction was erroneously reflected in the Judgment as arising under 18 U.S.C. § 922(g)(5)(B), which was also the statutory section listed

in the Presentence Report, instead of 18 U.S.C. § 922(g)(1). This error appears to derive from the Government's own initial error in the indictment. In addition, the court's Statement of Reasons also incorrectly failed to account for Defendant's acceptance of responsibility. Given this clerical error, the Total Offense Level was stated as 26 instead of 23. This case is thus remanded to the district court for the limited purpose of correcting these clerical errors.

**AFFIRMED in part and VACATED and REMANDED in part.**

18-10331